432

Charles C. JETT, Plaintiff,

v.

PHILLIPS & ASSOCIATES, an unincorporated association; Joseph J. Phillips; Jack R. Alexander; Henry C. Roth; Richard A. Williams; Henry Chapman and Leslie J. Gottwald, Defendants.

Civ. A. No. C–806.

United States District Court
D. Colorado.

Dec. 31, 1969.

Edward H. Sherman, Denver, Colo., for plaintiff.

John R. Hickisch, Denver, Colo., for defendants Williams, Chapman, and Gottwald.

Edward J. McHugh, Denver, Colo., and Walter H. Rubinstein, Cleveland, Ohio, for defendant Roth.

CHILSON, District Judge.

MEMORANDUM OPINION
AND ORDER

The plaintiff seeks judgment on a promissory note against the defendants, Phillips & Associates, an unincorporated association, Joseph J. Phillips, Jack R. Alexander, and Henry C. Roth, as the makers of the note, and against Henry Chapman, Richard A. Williams, and Leslie J. Gottwald, as guarantors of the note.

At the close of the trial, the Court dismissed the action as to the defendant, Joseph J. Phillips, who is deceased, and no substitution having been requested or made. Also, the Court dismissed the action as to Phillips & Associates, an unincorporated association for lack of jurisdiction because the plaintiff Jett, was also a member of the defendant, Phillips & Associates, and since the citizenship of an unincorporated association is that of its members, there was no diversity of citizenship between the plaintiff, Jett, and the defendant, Phillips & Associates.

The Court entered the default of the defendant, Alexander, for his failure to appear after being served with process and found that Alexander and Roth, as makers of the note, are jointly and severally liable to the plaintiff for principal, interest, and attorneys fees according to the tenor of the note.

The Court finds that the amount due and owing plaintiff on said promissory note for principal and interest as of this date is the sum of $18,791.30; that the sum of $3400 is a reasonable attorneys fee, and the plaintiff is entitled to judgment against the defendants, Alexander and Roth in the total amount of $22,191.30.

Upon conclusion of the evidence and arguments of counsel, the matter was continued for the filing of briefs on the question of the plaintiff's right to recover from the defendants, Williams, Chapman, and Gottwald. The briefs

have been filed and considered by the Court, and the Court is now advised.

There is little dispute in the essential facts. Prior to August 16, 1967, Phillips told plaintiff that he had an agreement to lease a desirable location in California, for the construction of a Dutch Inn and that $16,000 was needed initially to acquire a franchise from Dutch Inns of America, Inc., and for other expenses. Phillips proposed that plaintiff loan the $16,000 and that a loan would later be obtained from a financial institution for construction of the inn and to repay the $16,000 to the plaintiff. In consideration for making the loan, plaintiff would receive a 15% interest in the enterprise.

On August 16, 1967, the plaintiff and the defendants Phillips, Roth, and Alexander, met at the office of plaintiff's attorney in Denver, Colorado, at which time plaintiff's attorney prepared the note which is the subject matter of this action and a memorandum agreement whereby the plaintiff, in consideration of making the loan, would receive a 15% interest in the enterprise.

Upon execution of the note and the agreement, plaintiff delivered to Phillips, Roth, and Alexander, a cashier's check drawn on the First National Bank of Springfield, Colorado, in the amount of $16,000, payable to Phillips & Associates, Phillips, Alexander, and Roth. The cashier's check was subsequently endorsed by these payees and cashed presumably by Phillips. Although the record is silent as to what happened to the $16,000, it was not used to acquire the franchise, and the enterprise never came to fruition.

Some days after the execution of the note and agreement, a second memorandum agreement was prepared, but backdated to August 16, 1967, the date of the first agreement. By the second agreement, Williams, Chapman, and Gottwald agreed to guarantee the payment of the note. This agreement was not executed by Williams, Chapman, and Gottwald until some considerable time after August 16, 1967. At the time of the execution of the promissory note and the first agreement, Williams, Chapman, and Gottwald had not agreed to participate in the enterprise.

The plaintiff, as the holder of the note, was not a party to the second agreement, and the Court finds that Williams, Chapman, and Gottwald executed the second agreement with the intent and purpose to share with Phillips, Alexander, and Roth, their liability on the note with no intent to benefit the holder of the note. Any benefits to the plaintiff, as the holder of the note, were incidental and without any consideration therefor.

Nevertheless, plaintiff asserts a right to recover from Williams, Chapman, and Gottwald as the third party beneficiary of the second agreement.

At the conclusion of the evidence and the argument of counsel, the Court was of the opinion that Section 136, subsection (1) (a) of Restatement of the Law of Contracts, Page 159 et seq. stated the applicable Colorado rule. Subsection (1) (2) states:

"Except as stated in Sections 140, 143, a promise to discharge the promisee's duty creates a duty of the promisor to the creditor beneficiary to perform the promise;"

The first illustration of Subsection (1) found at Page 161 of Restatement states:

"A owes C $100. For sufficient consideration B promises A to pay the debt. B breaks his contract. C may sue B, and A also may sue B. Both A and C may recover judgment."

Although the Colorado Supreme Court has followed this rule in several fact situations, (see Colorado Annotations to Section 136 of Restatement) after considering the briefs, the Court concludes that the Restatement rule does not state the Colorado rule applicable to the facts presently before the Court.

In Cripple Creek State Bank v. Rollestone, 70 Colo. 434, 202 P. 115 (1921),

the Colorado Supreme Court followed the rule that:

"A third party is entitled to recover a benefit secured to him by a contract only on condition that the consideration, upon which the right is claimed, was furnished by the contracting party with the intent that it secure such benefit, an incidental benefit is not sufficient."

The 8th Circuit, in 1925, included the District of Colorado. In M. E. Smith & Co. v. Wilson, 9 F.2d p. 51 (1925), the 8th Circuit Court of Appeals in reviewing the Colorado rule applicable to actions on contracts by third party beneficiaries stated:

"Colorado follows the rule generally announced in American jurisdictions (13 C.J. 705 et seq.; 6 R.C.L. p. 884) which is that where two parties contract for the direct benefit of a third person, that person may adopt and sue upon the contract; but that where the contracting parties intend no direct benefit to such third person, he acquires no legal rights thereunder merely because he might be benefited incidentally if the contract be performed." (Citing the *Cripple Creek Bank* case.)

■ We conclude that the Colorado rule applicable to the facts of this case is that set forth in the *Cripple Creek* and *Smith* cases, *supra*. Since we have found there was no intent on the part of the parties to the second memorandum agreement to directly benefit the plaintiff as the holder of the promissory note, and that any benefits to the plaintiff were incidental and without consideration, under the Colorado rule, plaintiff cannot recover from Williams, Chapman, and Gottwald on the second memorandum agreement.

The Court does not have before it and does not determine the rights, if any, of Alexander and Roth against Williams, Chapman, and Gottwald by virtue of the second memorandum agreement.

It is therefore ordered that judgment be entered as follows:

1. Judgment of dismissal of the complaint as to Joseph J. Phillips.

2. Judgment in favor of the plaintiff and against the defendants, Jack R. Alexander and Henry C. Roth, jointly and severally in the amount of $22,191.30, together with the plaintiff's costs to be taxed by the Clerk of the Court upon the filing of a bill of costs.

3. Judgment of dismissal of the complaint as to the defendants, Henry Chapman, Richard A. Williams, and Leslie J. Gottwald and that said defendants have judgment for their costs to be taxed by the Clerk of the Court upon the filing of a bill of costs.