Charles C. JETT, Plaintiff-Appellant and Cross Appellee,

v.

PHILLIPS & ASSOCIATES, an unincorporated association, Defendant-Appellee,

Joseph J. Phillips and Jack R. Alexander, Defendants,

Henry C. Roth, Defendant-Appellant,

Richard A. Williams, Henry Chapman and Leslie J. Gottwald, Defendants-Appellees and Cross Appellants.

Nos. 183–70, 184–70 and 185–70.

United States Court of Appeals, Tenth Circuit.

March 29, 1971.

Edward H. Sherman, Denver, Colo., for appellant and cross appellee.

John R. Hickisch, Denver, Colo., for appellees and cross appellants.

Before HILL, SETH and HOLLO-WAY, United States Circuit Judges.

HILL, Circuit Judge.

This is a diversity suit wherein appellant Jett is seeking to recover on a promissory note.

The facts are largely undisputed. Phillips & Associates was an unincorporated association organized by one Joseph J. Phillips. In 1967, the unincorporated association was involved in a business venture and was in need of financing for the venture. To obtain the necessary financing, Joseph Phillips approached appellant Jett for a $16,000 loan. On August 16, 1967, Jett met with Joseph Phillips, one Jack R. Alexander, and one Henry C. Roth for the purpose of completing a loan agreement. At the meeting, Jett received in exchange for $16,000, a promissory note in a like amount signed by Joseph Phillips for Phillips & Associates and signed individually by Joseph Phillips, Jack R. Alexander and Henry C. Roth. Accompanying the promissory note was a memorandum agreement setting out the terms of the loan, including the fact that Jett, in addition to interest on the note, would receive a 15 per cent interest in the Phillips & Associates enterprise. The agreement also specified that Phillips & Associates was composed of Richard A. Williams, Henry Chapman and Leslie J. Gottwald in addition to Jett, Phillips, Alexander and Roth. However, only Jett, Phillips & Associates, Joseph Phillips, Alexander and Roth were signatories to the agreement.

Sometime after the note was issued and the loan agreement was executed, a second memorandum agreement was prepared and executed. The second agreement was signed by Joseph Phillips for Phillips & Associates and by appellees Williams, Chapman and Gottwald. By the terms of the second agreement, Williams, Chapman and Gottwald agreed to guarantee Jett's note.[1]

The suit was tried to the court. The trial judge dismissed the action against Joseph J. Phillips because he was deceased when the suit was instituted and no substitution of parties was sought. Phillips & Associates was dismissed as a party defendant because the unincorporated association's presence in the suit destroyed the diversity of citizenship necessary for the federal court's jurisdiction. On findings of fact and conclusions of law, 307 F.Supp. 432, the trial judge entered judgment against Alexander and Roth in the sum of $22,191.30. Judgment against appellees Williams, Chapman and Gottwald was denied. Jett appeals from the trial judge's dismissal of Phillips & Associates as a party defendant and from his denial of judgment against appellees Williams, Chapman and Gottwald. Williams, Chapman and Gottwald cross-appeal.

The most difficult issue on this appeal is whether the trial judge erred in dismissing Phillips & Associates, the unincorporated association, in order to preserve diversity jurisdiction over the matter. In coming to the conclusion that Phillips & Associates should be dismissed from the action, the trial judge first considered the fact that Jett himself was a member of that unincorporated association. From this the trial court reasoned that Jett as plaintiff was not diverse from himself as a member of the defendant association and, consequently the presence of Phillips & Associates in the lawsuit as a party defendant destroyed the federal court's diversity jurisdiction. To preserve diversity jurisdiction, the trial judge deemed it necessary to dismiss defendant Phillips & Associates.

On appeal Jett contends that the trial court should not have dismissed Phillips & Associates and that the correct procedure in the circumstances would have been for the trial judge to realign the parties according to their actual interest. Jett argues that his real interest lies as plaintiff in the action and that his technical membership in the defendant association should not be allowed to defeat his real interest as plaintiff in the action. Appellees, on the other hand, in their cross-appeal, contend that the trial court should have dismissed the whole action when it found an absence of diversity between the parties.

■ We cannot, however, agree with either party's submission of error, and it is our view that the trial judge properly exercised the discretionary power vested in himself by Rule 21 of the Federal Rules of Civil Procedure, 28 U.S.C., when he dismissed the unincorporated association from the lawsuit. Rule 21 states, "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." This court has interpreted Rule 21 to mean, "Parties of course may be dropped in order to achieve the requi-

---

1. In pertinent part, the second agreement specified:

"WHEREAS, WILLIAMS, CHAPMAN and GOTTWALD will benefit from said loan [by Jett to Phillips & Associates] and agree to guarantee payment of said promissory note for the benefit of PHILLIPS [& Associates] and agree that but for their additional guarantee Joseph J. Phillips, Jack R. Alexander and Henry C. Roth would not have guaranteed said promissory note.

"NOW, THEREFORE, WILLIAMS, CHAPMAN and GOTTWALD covenant and agree with PHILIPS [& Associates] that they will jointly and severally guarantee payment of the said promissory note to Charles C. Jett in the sum of $16,000 pursuant to the terms of payment in said promissory note attached hereto and made a part hereof and marked 'Exhibit B'."

site diversity of citizenship if their presence is not essential to a just and meaningful adjudication." [2]

As indicated, the court's power to dismiss parties is circumscribed insofar as under Rule 19(b) the court cannot proceed without an indispensable party. But it is clear that the unincorporated association was not an indispensable party to the action on the note. The association was a co-maker of the note, and thereby was jointly and severally liable on the instrument along with the other co-makers, Phillips, Alexander and Roth. By the very nature of this joint and several liability, it was not necessary for Jett, as the obligee, to proceed against each and every joint obligor on the note. Conversely, each obligor was not indispensable to an action on the note.[3] Hence the unincorporated association was not such a party under Rule 19(b) without which the court could not have proceeded.

It follows from what has been said that the trial judge in his sound discretion was empowered to dismiss Phillips & Associates as a party litigant. And on review, this court will reverse only upon a showing that it was a clear abuse of discretion for the trial court to dismiss Phillips & Associates.

Whether the trial judge abused his discretion in dismissing Phillips & Associates depends upon whether in point of law the trial judge was correct in determining that Phillips & Associates' continued presence in the lawsuit destroyed the court's diversity jurisdiction. In answering this question we first note that for the purposes of diversity jurisdiction, the citizenship of an unincorporated association is the citizenship of the individual members of the association.[4] Hence, in a diversity suit against an unincorporated association,

the plaintiff's citienship must be diverse from the citizenship of each member of the defendant association.[5] In our case Jett was a member of the defendant association and plainly Jett, as the party plaintiff in the suit, was not diverse from himself as a member of the defendant association. Accordingly, the trial court correctly concluded that the presence of Phillips & Associates as a party defendant destroyed the requisite diversity.

Appellant Jett suggests that under the reasoning of City of Indianapolis v. Chase National Bank, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941), a realignment of the parties according to their real interests would produce the necessary diversity of citizenship and, therefore, it was not necessary to dismiss Phillips & Associates in order to preserve diversity jurisdiction. We fail to see, however, how a realignment would yield the requisite diversity. If Phillips & Associates was realigned as a party plaintiff, then diversity of citizenship would still be absent since Williams, Chapman, Gottwald, Roth and Alexander, as individual defendants, would not be diverse from themselves as members of the association realigned as plaintiff. The only possible realignment of the parties which would have produced diversity of citizenship would have required that Jett, as a member of the defendant association, be realigned as a plaintiff without realigning the other members of the association or the association itself. However, no authority has been cited for the proposition that individual members of an unincorporated association should be realigned to produce diversity of citizenship in actions against such associations. Our independent research likewise has not disclosed authority for such action on the

2.  Oppenheim v. Sterling, 368 F.2d 516, 518 (10th Cir. 1966); see Girardi v. Lipsett, Inc., 275 F.2d 492 (3rd Cir. 1960); Weaver v. Marcus, 165 F.2d 862 (4th Cir. 1948); 3A Moore's Federal Practice ¶¶ 19.03 [1], 19.05 [2], 21.03 [2].

3.  Weaver v. Marcus, *supra;* see 3A Moore's Federal Practice ¶ 19.11.

4.  United Steelworkers of America, AFL-CIO v. R. H. Bouligny, Inc., 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965).

5.  7B Moore's Federal Practice § 1332.

part of the trial court. In these circumstances, we do not believe that it was a clear abuse of discretion for the trial court to dismiss the nondiverse party rather than realign the parties. This, of course, does not render Jett remedyless against Phillips & Associates, but merely eliminates the federal forum as a proper place to pursue an action against Phillips & Associates.

Appellant Charles Jett also argues on appeal that the trial court erred in denying judgment against Williams, Chapman and Gottwald. With regard to this contention, it first should be recognized that Williams, Chapman and Gottwald signed neither the note nor the accompanying memorandum agreement. Under Colorado's version of the Uniform Commercial Code, no person is liable on an instrument unless his signature appears thereon.[6] Thus whatever liability may be imposed upon Williams, Chapman and Gottwald, it cannot arise out of the note or first agreement that they were not parties to, but must arise out of the obligation they undertook in the second memorandum agreement.

Without question, Williams, Chapman and Gottwald agreed in the second memorandum agreement to guarantee the note. The difficulty lies in determining to whom they are obligated by the agreement; more specifically, whether Jett is the beneficiary of the second agreement. Since Jett was not a party to the second agreement, he can hardly be heard to argue that Williams, Chapman and Gottwald therein covenanted with him to pay the note. Consequently, Jett can recover on the agreement only if he was a third party beneficiary to the agreement.

Colorado follows the rule that one may enforce a contractual obligation made for his benefit although he was not a party to the agreement. However, the obligation must be apparent from the express provisions of the contract,[7] and the benefit accruing to the third party cannot be incidental but must be a direct benefit intended by the contracting parties to accrue in favor of the third party.[8] In the instant case, the trial court made the factual determination that Williams, Chapman and Gottwald executed the second agreement with the intent and purpose to share with Phillips, Alexander and Roth their liability on the note and with no intent to benefit the holder of the note. A reading of the express language of the second agreement convinces us that the trial court's finding was correct and not clearly erroneous. Accordingly we agree with the trial court that Jett was an incidental beneficiary to the second agreement and therefore was not entitled to recover on that agreement.

Affirmed.

6. C.R.S. (1963) § 155-3-401(1).

7. Cox v. Fremont County Public Building Authority, 415 F.2d 882 (10th Cir. 1969).

8. Cripple Creek State Bank v. Rollestone, 70 Colo. 434, 202 P. 115 (1921).