855 F.2d 696
 12 Fed.R.Serv.3d 658
 Dorothy VARLEY and Charles Varley, heirs at law of Constance
Ann Earhart, and Kathryn Holen, Administratrix of
the Estate of Constance Ann Earhart,
Deceased, Plaintiffs-Appellees,
v.
TAMPAX, INC., Barbara D. Taylor, and Saint Mary Hospital,
Defendants- Appellants.
 No. 87-1848.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 2, 1988.
 
 Joseph P. Moodhe (and Roger E. Podesta of Debevoise & Plimpton, New York City, Ronald D. Heck and Cynthia Schriock of Fisher, Heck & Cavanaugh, Topeka, Kan., with him on the brief), for defendant-appellant Tampax, Inc.
 Stephen C. Day (and James Z. Hernandez of Woodard, Blaylock, Hernandez, Pilgreen & Roth, Wichita, Kan., with him on the brief), for defendant-appellant Barbara D. Taylor.
 Charles D. Green of Arthur, Green, Arthur, Conderman & Stutzman, Manhattan, Kan., for defendant-appellant St. Mary Hosp.
 Richard H. Seaton of Everett, Seaton & Miller, Manhattan, Kan. (Melvin Belli, Sr. and George O. Fekete, San Francisco, Cal., with him on the brief), for plaintiffs-appellees.
 Before LOGAN and McWILLIAMS, Circuit Judges, and TIMBERS,* Circuit Judge.
 McWILLIAMS, Circuit Judge.
 
 
 1
 Following an acute and severe illness, Constance Ann Earhart died on March 5, 1984, while hospitalized at St. Mary Hospital, in Manhattan, Kansas. Ms. Earhart was at the time under the care of Barbara D. Taylor, M.D. For some time prior to her death, Ms. Earhart had been using super tampons manufactured by Tampax, Incorporated, and it was contended that as a result of such use she became ill with what is known as Toxic Shock Syndrome (TSS) and died therefrom.
 
 
 2
 On March 18, 1985, two separate actions were filed in the United States District Court for the District of Kansas based on Ms. Earhart's death. In one action, Dorothy and Charles Varley, the parents and heirs at law of Constance Ann Earhart, brought a wrongful death action against Tampax and Dr. Taylor. According to their complaint, the Varleys were citizens of Iowa, Tampax was a citizen of New York, and Dr. Taylor was a citizen of Kansas. In that complaint the Varleys set forth four claims for relief against Tampax based on negligence, breach of implied and express warranties, and strict product liability. The fifth and last claim for relief in that complaint was asserted against Dr. Taylor and was based on negligent treatment of Ms. Earhart.
 
 
 3
 On the same date the Varleys filed their complaint, Kathryn Holen, as Administratrix of Ms. Earhart's estate, brought a survival action in the United States District Court for the District of Kansas against Tampax and Dr. Taylor, setting forth the same claims asserted by the Varleys in their complaint. The Varleys and Kathryn Holen were represented by the same counsel.
 
 
 4
 The district court, on motion, consolidated the two cases for trial purposes. Later, by stipulation of the parties, the separate actions of the Varleys and Kathryn Holen were dismissed and a single complaint in which both the Varleys and Kathryn Holen were plaintiffs was filed, naming again Tampax and Dr. Taylor as defendants. That complaint was later amended to add a claim against St. Mary Hospital based on negligent treatment.
 
 
 5
 Thereafter, extensive discovery ensued, involving, inter alia, the deposing of four prospective expert witnesses for the plaintiffs whose testimony related to Ms. Earhart's death and the cause therefor. All defendants--Tampax, Dr. Taylor, and St. Mary Hospital--then filed motions for summary judgment.
 
 
 6
 Without getting into the substance of the motions for summary judgment, it is sufficient to note that, with a trial set for the very near future, the district court heard oral argument on the motions on February 13, 1987. On that date, the question of federal jurisdiction was first raised by the district court, sua sponte, when it noted that the administratrix Kathryn Holen, Dr. Taylor, and St. Mary Hospital were all citizens of Kansas. Recognizing that none of the parties had at that time addressed the jurisdictional issue, the district court stated that it might want the parties to later brief the question.
 
 
 7
 On March 24, 1987, without the aid of further briefing, the district court ruled on the defendants' motions for summary judgment. First, the district court granted Tampax's motion for summary judgment, holding that the depositions of plaintiffs' expert witnesses demonstrated that "plaintiffs' proof altogether fails to establish a prima facie case of proximate cause or defect." The district court at the same time denied the motions for summary judgment filed by Dr. Taylor and St. Mary Hospital, although it granted St. Mary's motion as it related to punitive damages only.
 
 
 8
 In the same order in which it granted Tampax's motion for summary judgment, however, the district court went on to hold that the court lacked subject matter jurisdiction because of a lack of diversity, i.e., Holen, Dr. Taylor, and St. Mary Hospital were all citizens of Kansas, and then proceeded to dismiss the action "without prejudice in its entirety."[1] In so holding, the district court, in effect, nullified its order granting Tampax's motion for summary judgment, and that fact precipitates the present appeal. On the following day, March 25, 1987, the district court entered formal judgment wherein it granted Tampax's motion for summary judgment and then dismissed without prejudice the action "in its entirety for lack of diversity jurisdiction."
 
 
 9
 Tampax filed a timely motion under Fed.R.Civ.P. 59(e) to amend the judgment of dismissal, seeking to have the district court dismiss non-diverse parties from the proceeding to the end that there would still be diversity and, accordingly, the summary judgment granted Tampax would stand. More will be said about the contents of that motion later. The plaintiffs filed a response in opposition to Tampax's motion to amend. The district court thereafter denied Tampax's motion without comment. This appeal by Tampax follows.
 
 
 10
 As indicated, the issue of federal jurisdiction based on diversity was not raised by any of the parties. Apparently all concerned were of the view that although Kathryn Holen, the administratrix, was herself a citizen of Kansas, such fact did not defeat diversity since the statutory beneficiaries under the estate, the deceased's parents, were citizens of Iowa.
 
 
 11
 In its Memorandum and Order of March 24, 1988, the district court agreed at the outset with Tampax's argument that "no expert ... will testify that Ms. Earhart died of TSS" and that "[m]oreover, there is no expert who will testify that, even if she did have TSS, it was caused by her use of Tampax super tampons or that these tampons are in any way defective." The court cited these as good and sufficient reasons and granted Tampax's motion for summary judgment. Then, in the next sentence, the district court spoke as follows: "However, as the court finds it lacks subject matter jurisdiction, the case will be dismissed without prejudice in its entirety."
 
 
 12
 In that same March 24 order, the district court then proceeded to review the law on summary judgment and to itemize the undisputed material facts, setting forth the medical events leading up to Ms. Earhart's death and analyzing in detail the depositions taken by Tampax of plaintiffs' prospective expert witnesses. At the conclusion of this segment of its March 24 order, the district court again stated that "Tampax, Inc. is entitled to summary judgment."
 
 
 13
 The district court in its March 24 order next addressed the jurisdictional question, and concluded that Kathryn Holen, the administratrix, was not just a "nominal party whose citizenship need not be considered in determining whether complete diversity exists." In the final paragraph of its March 24 order, the district court again granted Tampax's motion for summary judgment, but in the final sentence of its order proceeded to dismiss the case without prejudice "in its entirety for lack of diversity jurisdiction."
 
 
 14
 Tampax filed a timely motion to amend under Fed.R.Civ.P. 59(e), and asked for additional time to file a memorandum brief in support thereof; the request for additional time was granted. In its motion, Tampax asked that the district court amend its judgment of March 25, 1987. Specifically, Tampax in its motion to amend stated that the earlier order consolidating the Varley action with the Holen action was "improvidently granted" and asked that the district court dismiss Holen's action, which would preserve federal jurisdiction over the Varleys' claim against Tampax, as well as against Dr. Taylor and St. Mary Hospital.
 
 
 15
 Tampax filed a memorandum in support of its motion to amend judgment within the additional time granted. In that memorandum, Tampax argued that the district court should have dismissed Dr. Taylor and St. Mary Hospital from the case, since they were not indispensable parties, and thus preserved the court's jurisdiction over the claims of both the Varleys and Holen against Tampax. The overall thrust of Tampax's argument was that having invested considerable time and money in deposing plaintiffs' experts and having successfully argued that it was entitled to summary judgment, it was unfair to summarily dismiss without prejudice the entire action as to all defendants when, by the simple act of dismissing Dr. Taylor and St. Mary Hospital from the proceeding, federal jurisdiction would be preserved. Alternatively, Tampax suggested, as it had in its motion to amend, that the district court should dismiss Holen's claim and thereby preserve its jurisdiction over the Varleys' claims against Tampax.
 
 
 16
 Plaintiffs filed a response to Tampax's motion to amend wherein they noted that in the motion to amend Tampax complained only about the consolidation order and in connection therewith suggested that Holen be dismissed from the action, whereas in the supporting memorandum Tampax shifted its position and suggested that Dr. Taylor and St. Mary Hospital be dismissed. Such being the case, the plaintiffs argued that the memorandum should be deemed a separate motion to amend which was not filed within the jurisdictional 10-day requirement. Further, the plaintiffs argued that the request to dismiss Dr. Taylor and St. Mary Hospital came too late.
 
 
 17
 On May 13, 1987, the district court denied Tampax's motion to amend without comment. Tampax appeals.[2] We reverse.
 
 
 18
 On appeal, Tampax argues that the district court erred in refusing to amend its order and judgment, and that, under the facts and circumstances, the district court should have dismissed Dr. Taylor and St. Mary Hospital from the case, thereby preserving federal jurisdiction; then, having granted Tampax's motion for summary judgment, the district court should have entered judgment for Tampax. Alternatively, Tampax argues that if the district court was disinclined to dismiss Dr. Taylor and St. Mary Hospital from the case, it should dismiss Kathryn Holen, thereby preserving federal jurisdiction of the Varleys' claim against all defendants.
 
 
 19
 Dr. Taylor and St. Mary Hospital have filed briefs in the present appeal wherein both indicate that they do not object to being dismissed from the present proceeding, but they do object to Tampax's alternative suggestion that Holen's action be dismissed as to all defendants.
 
 
 20
 The plaintiffs' position on appeal is that Tampax's motion to amend was untimely, and, if timely, is without merit.
 
 I. Timeliness
 
 21
 The plaintiffs concede that Tampax's motion to amend judgment under Fed.R.Civ.P. 59(e) was itself timely filed. Plaintiffs' untimeliness argument is based on the fact that in the motion to amend, Tampax asked the district court to dismiss Kathryn Holen and her claim as administratrix from the case, whereas in its memorandum in support of its motion to amend, Tampax's principal argument was that the district court should have dropped Dr. Taylor and St. Mary Hospital from the case to preserve federal jurisdiction of plaintiffs' claims against Tampax. We are not persuaded by this argument.
 
 
 22
 The salient fact is that a motion to amend judgment was timely filed. Such gave the district court the power and jurisdiction to amend the judgment for any reason, if it chose to do so, and it was not limited to the ground set forth in the motion itself. Charles v. Daley, 799 F.2d 343, 347 (7th Cir.1986); 6A J. Moore, J. Lucas & G. Grotheer, Jr., Moore's Federal Practice p 59.12 (2d ed. 1987); 11 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2817 at 112, n. 34 (1973). The cases relied on by the plaintiffs, Gribble v. Harris, 25 F.2d 1173 (5th Cir.1980) and Scola v. Boat Frances, R., Inc., 618 F.2d 147 (1st Cir.1980) are inapposite. In Gribble, no motion whatsoever was filed within the time prescribed by Rule 59(e), and a motion was thereafter filed 34 days after the entry of final judgment. In Scola, as we understand it, no motion to amend judgment under 59(e) was ever filed.
 
 
 23
 In the instant case, it is agreed that the motion to amend judgment was timely filed. The district judge denied the motion to amend, but there is nothing to indicate that he did so because of untimeliness.
 
 
 24
 In this regard, we find the rationale of United States v. Hollis, 424 F.2d 188 (4th Cir.1970) persuasive. In that case, Judge Sobeloff, speaking for a panel of the Fourth Circuit, spoke as follows:
 
 
 25
 Manifestly, the District Judge, sitting without a jury, had the authority to amend his original order pursuant to plaintiff's motion. Rule 59, F.R.Civ.P. Appellee's argument is that since the plaintiff's motion to amend was related to the quantum of the damage award, the judge was limited to a consideration of that point and was without authority to amend the order in respect to Hollis' negligence. The argument is without force, for a district judge is not restricted to the modifications suggested by the parties. Rule 59(a) takes a broader view:
 
 
 26
 * * * [O]n a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.
 
 
 27
 The rule accords with reason. A district judge should not be forced to perpetuate a finding of fact or conclusion of law which he discovers to be erroneous.
 
 
 28
 Id. at 191 (citations omitted).
 
 
 29
 We therefore hold that the motion to amend was timely filed by Tampax and that the district court was not limited to the grounds contained in the motion.
 
 II. Merits
 
 30
 As indicated, the district court denied without comment Tampax's motion to amend judgment filed pursuant to Fed.R.Civ.P. 59(e). Thereafter, Tampax filed a timely notice of appeal from that order. Our problem on appeal is whether the district court erred in denying Tampax's motion to amend. The parties agree that on appeal our standard of review is whether the district court abused its discretion in failing to dismiss the non-diverse parties as requested in the motion to amend. Jett v. Phillips & Associates, 439 F.2d 987, 990 (10th Cir.1971). Our study of the matter leads us to the inescapable conclusion that the district court did abuse its discretion. Accordingly, we reverse.
 
 
 31
 At the outset, it should be remembered that without complete diversity, the district court could have dismissed the action "in its entirety" for lack of jurisdiction without ruling on Tampax's motion for summary judgment. However, that is not what the district court did. Rather, it first granted Tampax's motion for summary judgment, and then dismissed the action in its entirety, but without prejudice.
 
 
 32
 Under the rather unusual circumstances of this case, we conclude that the district court should have dismissed without prejudice the plaintiffs' claims against Dr. Taylor and St. Mary Hospital, thereby preserving its federal jurisdiction over the plaintiffs' claim against Tampax;[3] then, having granted Tampax's motion for summary judgment, it should have entered judgment in favor of Tampax on plaintiffs' claims. Failure to do so, in our view, constituted an abuse of discretion.
 
 
 33
 Neither Dr. Taylor nor St. Mary Hospital was an indispensable party to plaintiffs' claims against Tampax. Neither Dr. Taylor nor St. Mary Hospital objects to being dismissed without prejudice from the present proceeding. As noted, both are now defendants in a state proceeding brought by these same plaintiffs subsequent to the rulings of the district court in the instant proceeding; plaintiffs' claims against Dr. Taylor and St. Mary Hospital are still pending and unresolved.
 
 
 34
 Because the district court in the instant case granted summary judgment in favor of Tampax on all claims of the plaintiffs, it seems unfair and inequitable to us to allow the plaintiffs a second chance to establish their claims against Tampax, and, conversely, to require Tampax to resist for a second time claims upon which it has already prevailed on the merits. This, in our view, is a classic case for dropping dispensable, non-diverse parties in order to preserve federal jurisdiction and thus give effect to a ruling by a federal court on the merits of a defense raised by a diverse party.[4] In other words, by the simple act of dropping Dr. Taylor and St. Mary Hospital from the case, the district court can preserve the integrity of its own order granting summary judgment for Tampax on plaintiffs' claims.
 
 
 35
 In our disposition of this appeal, we rely on such cases as Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); Horn v. Lockhart, 84 U.S. (17 Wall.) 570, 21 L.Ed. 657 (1873); Miller v. Leavenworth-Jefferson Elec. Coop., 653 F.2d 1378 (10th Cir.1981); and Jett v. Phillips & Associates, 439 F.2d 987 (10th Cir.1971).
 
 
 36
 In Colorado River, 424 U.S. at 817, 96 S.Ct. at 1246, the Supreme Court stated that there is an "unflagging obligation of the federal courts to exercise the jurisdiction given them." And in Horn, 84 U.S. at 579, the Supreme Court spoke as follows:
 
 
 37
 The objection to the jurisdiction of the court, that two of the defendants were residents of Texas, the same State with the complainants, was met and obviated by the dismissal of the suit as to them. They were not indispensable parties, that is, their interests were not so interwoven and bound up with those of the complainants, or other parties, that no decree could be made without necessarily affecting them. And it was only the presence of parties thus situated which was essential to the jurisdiction of the court. The rights of the parties, other than the defendants who were citizens of Texas, could be, and were, adequately and fully determined without prejudice to the interests of those defendants. And the question always is, or should be, when objection is taken to the jurisdiction of the court by reason of the citizenship of some of the parties, whether to a decree authorized by the case presented, they are indispensable parties, for if their interests are severable and a decree without prejudice to their rights can be made, the jurisdiction of the court should be retained and the suit dismissed as to them.
 
 
 38
 In Miller, 653 F.2d at 1382, where the district court dropped a non-diverse plaintiff after judgment, this court spoke as follows:
 
 
 39
 "Courts frequently employ Rule 21 to preserve diversity jurisdiction over a case by dropping a nondiverse party if his presence in the action is not required under Rule 19." 7 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1685, at 332 (1972). See, e.g., Jett v. Phillips & Associates, 439 F.2d 987, 989-90 (10th Cir.1971); see also Oppenheim v. Sterling, 368 F.2d 516, 518 (10th Cir.1966), cert. denied, 386 U.S. 1011, 87 S.Ct. 1357, 18 L.Ed.2d 441 (1967). We believe that the district court properly used Rule 21 in this case to drop Capitol from the action, thereby preserving its diversity jurisdiction.
 
 
 40
 In Jett, 439 F.2d at 989-90, this court spoke as follows:
 
 
 41
 We cannot, however, agree with either party's submission of error, and it is our view that the trial judge properly exercised the discretionary power vested in himself by Rule 21 of the Federal Rules of Civil Procedure, 28 U.S.C., when he dismissed the unincorporated association from the lawsuit. Rule 21 states, "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." This court has interpreted Rule 21 to mean, "Parties of course may be dropped in order to achieve the requisite diversity of citizenship if their presence is not essential to a just and meaningful adjudication."
 
 
 42
 The judgment is reversed, and the cause remanded with directions that the district court vacate its order which dismissed without prejudice the case in its entirety, and that in lieu thereof it enter an order dismissing without prejudice the plaintiffs' claims against Dr. Taylor and St. Mary Hospital only. Then, having already granted Tampax's motion for summary judgment, the district court is ordered to enter judgment in favor of Tampax on the plaintiffs' claims against it.
 
 
 
 *
 Honorable William H. Timbers, United States Circuit Judge, Second Circuit, Bridgeport, Connecticut, sitting by designation
 
 
 [1]
 The plaintiffs have since refiled their action in the state court of Kansas against all three defendants, including Tampax
 
 
 [2]
 Tampax has not challenged on appeal the district court's holding that the presence of Kathryn Holen defeated diversity
 
 
 [3]
 Fed.R.Civ.P. 21 provides as follows: "Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."
 
 
 [4]
 3A J. Moore & J. Lucas, Moore's Federal Practice, p 21.03 at 21-11 to 21-12 (2d ed. 1987) ("where lack of diversity of citizenship as to some defendants exists, and such defendants are not indispensable parties, these defendants may be dropped and jurisdiction may thereby be established with retroactive effect") (footnotes omitted)