DLD-176                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4559
_____

MONROE E. BULLOCK,
Appellant

v.

COUNSELOR GARY BUCK; C.O. MAXELL, LAUNDRY FOREMAN;
LIEUTENANT ROBERT F. SCOTT
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-12-cv-00248)
District Judge:  Honorable Mark R. Hornak
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 23, 2015
Before: FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: May 1, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Monroe Bullock appeals pro se from the judgment entered against him in a civil rights action. For the following reasons, we will summarily affirm. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

I.

In October 2012, Bullock, a federal prisoner, began an action under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), in the District Court. He alleged that three members of prison staff at the Federal Correctional Institution in McKean County, ("FCI-McKean"), where he was previously incarcerated, violated his constitutional rights by retaliating against him for grievances filed. He claimed, among other things, that he was removed from work assignments, reassigned to lower-quality housing, and temporarily denied privileges such as access to telephones and commissary service as the result of his filing of grievances between January 1, 2010, and March 1, 2010.

Defendants filed a motion seeking dismissal, or, in the alternative, summary judgment, citing several grounds, including that Bullock's claims were barred by the applicable statute of limitations and that Bullock failed to exhaust all available administrative remedies for his claims. The District Court adopted the Magistrate Judge's recommendation and granted summary judgment on the grounds that Bullock's

2

claims were time-barred. Bullock then filed a timely[1] Fed. R. Civ. P. 59(e) motion to amend the judgment, arguing that the statute of limitations should have been tolled while his claims were pending in the prison grievance system. The District Court declined to alter its judgment, but it issued a new opinion that relied on Bullock's failure to exhaust administrative remedies and his failure to allege sufficiently adverse action, in addition to (to a lesser degree) timeliness. Bullock appealed.

We begin by addressing the scope of the appeal. We have jurisdiction under 28 U.S.C. § 1291 over the District Court's original grant of summary judgment and its denial of the motion for reconsideration. See Fed. R. App. P. 4(a)(4). Although Bullock formally appealed only the District Court's denial of his timely motion to amend the judgment, this "technical inadequacy . . . does not in itself deprive us of jurisdiction over the appeal from the underlying order." LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 225 (3d Cir. 2007). We exercise plenary review over the District Court's summary-judgment order. See Camp v. Brennan, 219 F.3d 279, 280 (3d Cir. 2000). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a).

---

[1] The District Court specifically found that Bullock's motion was turned over to prison officials for mailing within the time for filing a Fed. R. Civ. P. 59(e) motion. See Houston v. Lack, 487 U.S. 266, 270 (1988).

3

We ordinarily review the denial of a Fed. R. Civ. P. 59(e) motion for abuse of discretion. Long v. Atl. City Police Dep't, 670 F.3d 436, 446-47 (3d Cir. 2012). "[A] court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts." Id. at 447 (internal quotation marks and citation omitted). We can therefore examine the new legal grounds offered by the District Court on reconsideration. Even on reconsideration, we may review a District Court's new legal conclusions de novo. See Koshatka v. Phila. Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985) ("[I]f the court's denial was based upon the interpretation and application of a legal precept, review is plenary.").

## II.

The District Court properly denied Bullock's motion to amend the judgment, which substantially changed its reasoning for granting summary judgment.[2] Under the Prison Litigation Reform Act, inmates must exhaust all available administrative remedies before filing a suit alleging specific acts of unconstitutional conduct by prison officials. 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 83 (2006). An inmate must exhaust these remedies "in the literal sense"; no further avenues in the prison's grievance process should be available. Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004).

---

[2] In ruling on a Rule 59(e) motion, a District Court is not limited to the grounds set forth in the motion itself. Fed. R. Civ. P. 59(e); Varley v. Tampax, Inc., 855 F.2d 696 (10th Cir. 1988); United States v. Hollis, 424 F.2d 188, 191 (4th Cir. 1970); 11 Wright & Miller, Federal Practice and Procedure § 2817 at 192 n.34 (1969). The District Court was therefore within its authority when, in addition to discussing the applicable statute of limitations, it also addressed tolling, exhaustion, and the merits of Bullock's allegations.

Therefore, where administrative appeals are permitted, as they are at FCI-McKean, the inmate must pursue them if he hopes to fulfill the exhaustion requirement. Id. Therefore, the District Court properly confined its analysis to the three grievances that Bullock exhausted.

Bullock fully exhausted Administrative Remedy No. 563523-A2 on August 2, 2010. We recently held that the statute of limitations is tolled while an inmate exhausts administrative remedies. Pearson v. Sec'y Dep't of Corr., 775 F.3d 598, 603 (3d Cir. 2015). The two-year statute of limitations for this claim thus began to run on the date he exhausted those remedies. Bullock did not file his Bivens complaint until October 12, 2012, see Houston v. Lack, 487 U.S. 266, 276 (1988), well outside the two year statute of limitations. The District Court was therefore correct in holding that Bullock was time-barred from bringing a civil action based on the conduct challenged in the grievance.

Bullock's remaining two claims fail because they do not meet the standards for retaliation. To prove retaliation, the inmate must show "1) the conduct in which he was engaged was constitutionally protected; 2) he suffered 'adverse action' at the hands of prison officials; and 3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him." Carter v. McGrady, 292 F.3d 152, 158 (3d Cir. 2002). Filing grievances can be constitutionally protected conduct. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). Because Bullock's retaliation claims all stem from grievances that he filed, we consider that he has satisfied the first prong of

5

retaliation and confine our analysis to the second and third prongs, adverse action and causation, respectively.

Bullock's Administrative Remedy No. 579508-A1 complained only that he was transferred from a job in the prison laundry (where he worked for two days) to one in the dining hall, where he had previously worked. (Roughly two weeks later, prison staff approved his request to transfer to the education sector and assigned him duties there as an orderly.) To make out a viable retaliation claim, the alleged retaliatory action must be sufficiently adverse "to deter a person of ordinary firmness from exercising his First Amendment rights." Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000) (internal citations and quotations omitted). Bullock did not claim that he suffered worse treatment in the dining hall. See id. He has therefore failed to allege sufficient facts to make a plausible claim that he has suffered adverse action. See Ashcroft v. Iqbal, 556 U.S. 662, 663-64 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). Even if the reassignment could be seen as adverse action, "prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser v. Horn, 241 F.3d 330, 334 (3d Cir. 2001). Here, in response to Bullock's administrative appeal, the Acting Warden explained that officials had mistakenly placed Bullock in the laundry department and that other prisoners assigned to the laundry either had prior experience or had been interviewed for the position. The District Court thus correctly rejected this claim.

6

Bullock's claim relating to Administrative Remedy No. 599989-A3 also lacks merit because it cannot satisfy the three-prong test for retaliation required by Carter. This grievance complained that Bullock received a misconduct in retaliation for threatening to report Buck for using unnecessary force during a pat-search, and that, as a result, Bullock lost telephone and commissary privileges for 60 days. Viewing the record in a light most favorable to Bullock, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), a reasonable jury might conclude that Bullock alleged enough facts to satisfy the adverse action prong of Carter.[3] See Andrade v. Hauck, 452 F.2d 1071, 1071–72 (5th Cir. 1971) (concluding that denial of commissary privileges in retaliation for writing to a judge was sufficiently adverse action to avoid dismissal).

However, Bullock's claim fails to survive the burden-shifting framework required by the causation prong.[4] See Rauser, 241 F.3d at 333. Under this framework, even if Bullock could establish that his threat to file a grievance was "a substantial or motivating factor" in Buck's decision to issue the misconduct, see id., his claim would still not survive summary judgment. The misconduct report indicated, we note, that Bullock received the misconduct not due to his complaint – but due to the insolent *manner* in

---

[3] The District Court relied on the lack of sufficiently adverse action when it denied this claim, but we may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011).

[4] "The Court held that the plaintiff bore the initial burden of proving that his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to discipline him. . . . The burden then shifted to the defendant to prove by a preponderance of the evidence that it would have taken the same disciplinary action even in the absence of the protected activity." Rauser at 333 (citing Mount Healthy Bd. of Ed. v. Doyle, 429 U.S. 274, 287 (1977)).

which he confronted Buck about the search. Indeed, Bullock was later found guilty of insolence by the disciplinary board.[5] Federal courts are, we note, reluctant to review a prison disciplinary board's findings. See Superintendent v. Hill, 472 U.S. 445, 455 (1985). Our standard of review regarding disciplinary board decisions is highly deferential: "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56. Here, notably, *Bullock's own version* of the incident pointed to evidence of insolence; he stated that he went to Buck's office to "tell [Buck] that he didn't need to grab me like that," which could reasonably be interpreted as insolent in a prison context. This constitutes at least some evidence that Bullock is guilty of insolence. See Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994) (concluding that because the finding of guilt in the inmate's disciplinary hearing was based on "some evidence," that finding "essentially checkmates his retaliation claim"). We have no doubt that a prison acts on a legitimate penological interest when it acts to deter insolence. See Rauser, 241 F.3d at 334.

Given the undisputed summary judgment evidence, a reasonable finder of fact would have to conclude that the defendants showed that they would have made the same decision regardless of Bullock's protected conduct. The evidence indicated that Bullock was sanctioned not for the fact that he complained – or on the content of his complaints. Instead, the evidence showed that Bullock was sanctioned for the way he complained.

---

[5] Buck initially charged Bullock with threatening staff, but the disciplinary board later found Bullock guilty of insolence.

8

The District Court therefore properly rejected Bullock's claim arising from this grievance.

IV.

For the reasons given, we will summarily affirm the judgment of the District Court.